838 F.2d 467
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Bobby L. MAY, Plaintiff-Appellee,
v.
CSX TRANSPORTATION, INC., Defendant-Appellant.
 No. 87-1190.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 28, 1987.
Decided Jan. 27, 1988.
 
 Frank Pelouze Ward, Jr., James Edward Gates, Maupin, Taylor, Ellis & Adams, PA, for appellant.
 Gordon Eugene Boyce, Womble, Carlyle, Sandridge & Rice, for appellee.
 E.D.N.C.
 DISMISSED.
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Franklin T. Dupree, Jr., Senior District Judge. (C/A No. 86-992-5).
 Before Donald RUSSELL, SPROUSE, and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Before us is the plaintiff-appellee's motion to dismiss this appeal from the district court's order remanding the case to Public Law Board No. 2143 for the purpose of deciding whether, under the Collective Bargaining Agreement between the parties, Bobby May was entitled to the convening of a three-doctor panel to review his medical dismissal as an engineer with CSX Transportation, Inc. ("CSXT").
 
 
 2
 CSXT timely appealed from this order remanding the case to the Public Law Board. May moves to dismiss the appeal on the ground that the remand order is not an appealable final order under 45 U.S.C. Sec. 153, First (q) and 28 U.S.C. Sec. 1291.
 
 
 3
 The parties agree that the remand order is interlocutory in nature because it is not a "final decision" which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978) (quoting Catlin v. United States, 324 U.S. 229, 223 (1945)). CSXT claims, however, that this case is appealable under the "collateral order" exception to the general finality rule, Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546 (1949), or under a pragmatic approach to finality. We disagree and therefore grant the motion and dismiss this appeal.
 
 
 4
 An interlocutory order may be appealed under the collateral order doctrine if the order (i) conclusively determines the question in the district court, (ii) resolves an important question independent of the subject matter of the litigation, (iii) is effectively unreviewable on appeal from a final judgment or so important that review should not wait upon final judgment, and (iv) presents a serious and unsettled question upon appeal. Bever v. Gilbertson, 724 F.2d 1083, 1085 (4th Cir.), cert. denied, 469 U.S. 948 (1984).
 
 
 5
 These criteria are not met in this case. The district court's remand for determination of whether May is entitled to a three-doctor panel is central, not collateral, to the subject matter of this suit. The remand for further proceedings, including the taking of evidence, did not "conclusively determine" any question in the case. This remand order is, in short, one of those "orders of great importance to the litigants" that nevertheless falls outside the collateral order doctrine. Bever, 724 F.2d at 1087. Nor do we find the order appealable under a theory of pragmatic finality.
 
 
 6
 The appellee's motion to dismiss this appeal as interlocutory is granted and this appeal is dismissed for lack of jurisdiction. After careful consideration, we deny appellee's motion for attorney's fees. We dispense with oral argument because the dispositive issues have recently been decided authoritatively.
 
 
 7
 DISMISSED.